UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSHUA D. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-2840 (UNA) |
| | ) | |
| CENTER FOR DISEASE CONTROL *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a Complaint, ECF No. 1, and an application to proceed *in forma pauperis*, ECF No. 5. The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's case against a governmental defendant upon a determination that the complaint is frivolous) and § 1915(e)(2) (same against any defendant).

Plaintiff, a Florida state prisoner, sues the U.S. Centers for Disease Control and Prevention; the Director of the U.S. Food and Drug Administration; the President of Pfizer Inc.; and the Director of Corizon Health, Inc. *See* Compl. at 2-3. Allegedly, while in Florida's custody, Plaintiff was vaccinated "around Jan-May 2021 by Corizon Medical." *Id*. at 5. On September 2, 2021, he "was placed in a system controlled by the vaccine makers and their contractors." *Id*. Plaintiff "discovered the vaccine makers were using the machine to kill off convicted felons and retirees. The voices began trying to recruit" Plaintiff "into becoming a 'Skyper' contracted killer since [his] body was unable to be shut down as it is 100% healthy." *Id*. "In refusing, they began doing everything they could to cause" Plaintiff "to kill" himself, which "didn't stop until" Plaintiff filed a lawsuit "in Tallahassee's U.S. District Court." *Id*. Plaintiff "do[es] not know exactly where the defendants are violating [his] rights using DNA programming technology to watch me 24 hours

1

every day and night" but claims that such activity has caused him "to feel shockwaves, pain, and vexing movements like bugs inside my bloodstream 24/7 in an effort to try to induce me to commit suicide." *Id*. at 4. He seeks injunctive relief and "actual and compensatory damages in the amount of $10m per day starting from Sept. 2nd, 2021" and "$1B a day in punitive damages." *Id*. at 5.

The federal district court in Tallahassee has not taken kindly to Plaintiff's repetitive lawsuits, noting that he has "presented the same allegations [stemming from his COVID-19 vaccination in 2021] in three different jurisdictions."[1] *Franklin v. Desantis*, No. 4:22-cv-00388-AW-MAF, 2022 WL 17670473, at *3-4 (N.D. Fla. Nov. 14, 2022), *report and recommendation adopted*, No. 4:22-cv-388-AW-MAF, 2022 WL 17669720 (N.D. Fla. Dec. 14, 2022); *see id.* at *5 ("Plaintiff's attempt to litigate the same claims against multiple defendants in multiple cases in multiple jurisdictions at the same time is a gross abuse of the judicial process."). Regardless, complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" may be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The instant complaint satisfies this standard and therefore will be dismissed by separate order.

                                                      /s/
                                        RUDOLPH CONTRERAS
                                        United States District Judge

DATE: February 10, 2023

---

[1] That court further found Plaintiff to be a three-striker under the Prison Litigation Reform Act, which generally prohibits a prisoner from proceeding in forma pauperis (IFP) if he "has, on 3 or more *prior* occasions, while incarcerated" had a federal case or appeal dismissed on grounds enumerated in the statute. 28 U.S.C. § 1915(g) (emphasis added). But this Court cannot independently verify that Plaintiff had accumulated three qualifying dismissals before the filing of this case on July 25, 2022. *See Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 440 (D.C. Cir. 2007) (dismissals "do not count as strikes until an appeal has been either waived or resolved" and "do not count as strikes unless based on one of the grounds enumerated in section 1915(g)); *cf. Franklin*, 2022 WL17670473 at *3 (listing as strikes a dismissal for failure to exhaust administrative remedies and non-final dismissals on July 13, 2022, and July 19, 2022).